Case 1:17-cv-00725-MHC   Document 43   Filed 04/25/18   Page 1 of 11

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE THE SOUTHERN COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No.: 1:17-cv-00725-MHC<br><br>(Consolidated with No.:1:17-cv-01983-MHC)<br>(Derivative Action)<br><br>Judge Mark H. Cohen |

## CONSENT ORDER CONTINUING DEFERRAL OF LITIGATION

WHEREAS, the above-captioned consolidated shareholder derivative action ("Consolidated Derivative Action") was filed in this Court by plaintiffs Jean Vinyard and Judy Mesirov ("Plaintiffs")[1] against the Individual Defendants,[2] current and former directors and officers of nominal defendant The Southern Company ("Southern Company" or the "Company") or its subsidiary, Mississippi Power Company ("MPC") (Southern Company, together with the Individual Defendants, are collectively referred to herein as "Defendants," and Plaintiffs and Defendants are collectively referred to herein as the "Parties");

WHEREAS, a class action alleging violations of the federal securities laws filed against Southern Company and certain of its or MPC's current and former officers was also filed and is pending in this Court: *Monroe Cty. Emps.' Ret. Sys. v. The Southern Co., et al.*, Case No. 1:17-cv-00241-MHC (the "Securities Class Action");

WHEREAS, on March 27, 2017, pursuant to a proposed consent order filed by the Parties (Dkt. 30), this Court entered a Consent Order Deferring Litigation and

---

[1]  On June 26, 2017, the Court entered an order consolidating the action styled *Mesirov v. Fanning, et al.*, Case No 1:17-cv-01983-MHC, which was filed on May 31, 2017, with the first-filed action styled *Vinyard v. Fanning et al.*, Case No. 1-17-cv-00725-MHC.

[2] The "Individual Defendants" include Thomas A. Fanning, Arthur P. Beattie, Edward Day, VI, G. Edison Holland, Jr., Juanita Powell Baranco, Jon A. Boscia, Henry A. Clark, III, David J. Grain, Veronica M. Hagen, Warren A. Hood, Jr., Linda P. Hudson, Donald M. James, John D. Johns, Dale E. Klein, William G. Smith, Jr., Steven R. Specker, Lawrence D. Thompson, and E. Jenner Wood, III.

1

Appointing Lead Counsel (Dkt. 31) ("Consent Order"), which, among other things, deferred the Consolidated Derivative Action pending a ruling on defendants' motion to dismiss in the Securities Class Action;

WHEREAS, per the terms of the Consent Order, "within thirty (30) days of the ruling on defendants' [] motion to dismiss the Securities Class Action, the Parties shall meet and confer concerning a schedule for further proceedings in the [Consolidated] Derivative Action and advise the Court accordingly[]";

WHEREAS, on March 29, 2018, the Court entered an order in the Securities Class Action granting in part and denying in part defendants' motion to dismiss ("Order on Motion to Dismiss");

WHEREAS, the Parties have met and conferred following the entry of the Order on Motion to Dismiss and agree that in the circumstances unique to this Consolidated Derivative Action, the interests of preserving the Company's and the Court's resources, efficient and effective case management, and moving the case expeditiously towards trial would best be served by continuing to defer this matter until the earlier of (i) an order from the Court on any summary judgment motions that may be filed in the Securities Class Action, or (ii) notification that there has been a settlement reached in the Securities Class Action, or until otherwise agreed to by the Parties;

WHEREAS, the Parties agree that at any time during which the prosecution of this Consolidated Derivative Action is deferred pursuant to this Order, any Party may file a motion with the Court seeking to modify the terms of the Order, which may be opposed by any other Party; and

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. The Consolidated Derivative Action shall be deferred through the earlier of (i) an order from the Court on any summary judgment motions that may be filed in the Securities Class Action, or (ii) notification that there has been a settlement reached in the Securities Class Action, or until otherwise agreed to by the Parties. At any time during which the prosecution of this Consolidated Derivative Action is deferred pursuant to this Order, any Party may file a motion with the Court seeking to modify the terms of the Order, which may be opposed by any other Party.

2. Within thirty (30) days of a ruling on any summary judgment motions that may be filed in the Securities Class Action, or notification that there has been a settlement reached in the Securities Class Action, whichever is earlier, the Parties shall meet and confer concerning a schedule for further proceedings in the Consolidated Derivative Action and advise the Court accordingly.

3. Notwithstanding the deferral of the Consolidated Derivative Action, Plaintiffs shall be permitted to file a consolidated complaint during the pendency of the deferral. Defendants shall be under no obligation to respond to any such complaint while the Consolidated Derivative Action is deferred, unless otherwise ordered by the Court.

4. Subject to the performance of the terms and conditions set forth in paragraph 7, as long as the Consolidated Derivative Action remains deferred, Defendants agree to provide Plaintiffs with copies of the written discovery responses and documents produced by defendants in the Securities Class Action, or in any related derivative action, or any related action or demand initiated pursuant to 8 Del. C. § 220 (collectively, "Related Actions"), including, without limitation, expert discovery, as well as any written agreements regarding discovery between defendants and the plaintiffs in the Securities Class Action or in any Related Actions.

5. Subject to the performance of the terms and conditions set forth in paragraph 7, the Parties also agree that Defendants will provide Plaintiffs with the written discovery responses and the documents produced in the Securities Class Action, or in any Related Actions, by any other party or any non-party that have not been designated confidential by the producing party or non-party (in whole or in part) under any confidentiality agreement or order filed in the Securities Class

Action or in any Related Actions. If a producing party (other than defendants in the Securities Class Action) or non-party does elect to designate as confidential under any confidentiality agreement or order filed in the Securities Class Action or in any Related Actions (i) any of the documents he, she or it produces or (ii) any of his, her, or its written discovery responses, then defendants in the Securities Class Action shall request of each such party or non-party permission to provide such information to Plaintiffs pursuant to the terms of any confidentiality agreement or order governing the documents produced in the Securities Class Action or in any Related Actions. If the producing party or non-party objects, then counsel for Defendants shall inform Plaintiffs that defendants in the Securities Class Action are not able to produce to Plaintiffs documents or written discovery response(s) from a particular party or non-party. Notwithstanding the foregoing, Plaintiffs reserve their rights to seek any such documents in the Consolidated Derivative Action, which Defendants will not oppose.

6. Subject to the performance of the terms and conditions set forth in paragraph 7, with regard to depositions taken in the Securities Class Action or in any Related Actions, Defendants shall provide Plaintiffs with court reporter contact information within five (5) business days of any deposition so that Plaintiffs may request copies of deposition transcripts and/or any video and/or audio recordings of

such depositions. Defendants will not oppose such requests for transcripts (or any portions thereof) that have been designated as confidential by Defendants under any confidentiality agreement or order governing the documents produced in the Securities Class Action or in any Related Actions.

7.   Plaintiffs acknowledge that their right to receive documents, written discovery responses, and the information described above is contingent upon their agreement to be bound by any reasonable confidentiality agreement or order governing the documents produced in the Securities Class Action or in any Related Actions, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them in the Consolidated Derivative Action. If Plaintiffs cannot become a party to any confidentiality agreement or order entered in the Securities Class Action or in any Related Actions, they agree that they will enter into a separate agreement with Defendants acknowledging their agreement to be bound by the terms of the confidentiality agreement or order entered in the Securities Class Action or in any Related Actions, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them in the Consolidated Derivative Action.

8.   If there is a mediation or any formal settlement meeting to resolve the claims asserted in the Securities Class Action, or in any related shareholder action,

demand or other proceeding, whether direct or derivative, Defendants will invite Plaintiffs to participate in any such mediation or formal settlement meetings. Notification to Plaintiffs of the setting of such mediation(s) or meeting(s) shall be sufficient to permit Plaintiffs' counsel's attendance. Plaintiffs shall use good faith efforts to work out mutually agreeable terms with the other parties to the mediation(s) or meeting(s) for (i) their participation in any such mediation(s) or meeting(s) and (ii) the sharing of any expenses of such mediation(s) or meeting(s). If Plaintiffs cannot reach agreement in regard to items (i) and (ii) in the preceding sentence, then Defendants will agree to mediate with Plaintiffs in regard to the derivative claims on a date close to the mediation in the Securities Class Action, or in any related shareholder action, demand or other proceeding, whether direct or derivative.

9.   This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

   **IT IS SO AGREED.**

Dated: April 23, 2018

                              Respectfully submitted,
                              **JOHNSON FISTEL, LLP**
                              /s/ *Michael I. Fistel, Jr.*

MICHAEL I. FISTEL, JR.
Georgia Bar No. 262062
WILLIAM W. STONE
Georgia Bar No. 273907
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: michaelf@johnsonfistel.com
      williams@johnsonfistel.com

**JOHNSON FISTEL, LLP**
FRANK J. JOHNSON
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
Email: frankj@johnsonfistel.com

*Lead Counsel for Plaintiffs*

**ROBBINS ARROYO LLP**
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS
STEVEN R. WEDEKING
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
Email: brobbins@robbinsarroyo.com
      csmith@robbinsarroyo.com
      ssanders@robbinsarroyo.com
      swedeking@robbinsarroyo.com

**LAW OFFICE OF DEBRA S. GOODMAN P.C.**
DEBRA S. GOODMAN
1301 Skippack Pike, Suite 7A #133
Blue Bell, PA 19422
Telephone: (610) 277-6057
Facsimile: (484) 231-1922
Email: dg@dsgoodmanlaw.com

*Counsel for Plaintiff Judy Mesirov*

**JONES DAY**

/s/ Ashley F. Heintz
ASHLEY F. HEINTZ
Georgia Bar No. 325323

MICHAEL J. MCCONNELL
Georgia Bar No. 485003
WALTER W. DAVIS
Georgia Bar No. 213083
1420 Peachtree Street, Suite 800
Atlanta, GA 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Email: mmcconell@jonesday.com
　　　　wwdavis@jonesday.com
　　　　aheintz@jonesday.com

*Attorneys for Defendants*

\*   \*   \*

SO ORDERED this __25th__ day of __April__, 2018.

_____
THE HONORABLE MARK H. COHEN
UNITED STATES DISTRICT JUDGE