UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE SOUTHERN COMPANY SHAREHOLDER DERIVATIVE LITIGATION | CIVIL ACTION FILE<br>NO. 1:17-CV-725-MHC |

**ORDER AND FINAL JUDGMENT**

This matter came before the Court for hearing pursuant to the Order of this Court, dated March 11, 2022 ("Preliminary Approval Order") [Doc. 100], on the application of the Settling Parties for approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement dated March 10, 2022 (the "Amended Stipulation") [Doc. 99-1]. Due and adequate notice having been given to The Southern Company ("Southern" or the "Company") stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates herein the Amended Stipulation, including all exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Amended Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned Federal Derivative Action, including all matters necessary to effectuate the Settlement, and the Settling Parties have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Amended Stipulation.

3. The Court finds that the Notice and the Summary Notice provided to Current Southern Stockholders constituted the best notice practicable under the circumstances. Accordingly, the Notice and the Summary Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Court finds that the Settlement as set forth in the Amended Stipulation is fair, reasonable, adequate, and in the best interests of Southern and Current Southern Stockholders. The Court hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. The above-captioned Federal Derivative Action and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Amended Stipulation.

6. Upon the Effective Date, the Releasing Parties (on behalf of themselves and derivatively on behalf of Southern) shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims, including both known and Unknown Claims, against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Derivative Actions against the Released Persons. The Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any of the Released Claims, including both known and Unknown Claims, against any of the Released Persons. Upon final approval of the Settlement, the Releasing Parties shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law, or principle of common law, which may have the effect of limiting the foregoing release.

7. Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, and Current Southern Stockholders and their Related Persons from all claims and

causes of action of every nature and description, including both known and Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Claims, except for any claims relating to the enforcement of the Settlement. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Amended Stipulation.

8. Nothing in this Judgment constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims of Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company. Nothing in this Judgment constitutes or reflects a waiver or release of any rights or claims of the Individual Defendants relating in any way to indemnification or advancement of attorneys' fees relating to the Derivative Actions or the Released Claims, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws, or under applicable law.

9. During the course of the Derivative Actions, all parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules, laws, or statutes.

10. Neither the Amended Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) may be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

11. The Released Persons may file the Amended Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties also may file the Amended Stipulation and

documents executed pursuant and in furtherance thereto in any action to enforce the Settlement and/or this Judgment.

12.     Plaintiffs and/or any Southern stockholder derivatively on behalf of Southern are permanently barred and enjoined from commencing, prosecuting, instituting, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons.

13.     In the event the Effective Date does not occur, or if the Amended Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, and if counsel for the Settling Parties do not otherwise mutually agree in writing to proceed with the Amended Stipulation: (i) all Settling Parties and Released Persons shall be restored to their respective positions in the Derivative Actions as of March 10, 2022; (ii) all releases delivered in connection with the Amended Stipulation shall be null and void, except as otherwise provided for in the Amended Stipulation; (iii) the Federal and State Fee and Expense Amounts paid to Plaintiffs' Counsel shall be refunded and returned to the insurers that made such payment within thirty (30) calendar days of notice that the Settlement failed to become effective; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an

admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Actions or in any other action or proceeding. In such event, the terms and provisions of the Amended Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose.

14.  The Court hereby approves the sum of $3,500,000 for the payment of fees and expenses to the Federal Derivative Action Plaintiffs' Counsel (the "Federal Fee and Expense Amount") and finds that the Federal Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to the Federal Derivative Action Plaintiffs' Counsel in connection with the Settlement. The Federal Fee and Expense Amount shall be distributed in accordance with the terms of the Amended Stipulation.

15.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Amended Stipulation.

16. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

**IT IS SO ORDERED** this 9th day of June, 2022.

_____
MARK H. COHEN
UNITED STATES DISTRICT JUDGE